UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES KENDRICK, #236365,

                    Petitioner,

                                          CASE NO. 2:13-CV-11983

v.                                   HONORABLE ARTHUR J. TARNOW

WILLIE SMITH,

                    Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF**
**HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,**
**AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Charles

Kendrick ("Petitioner") pleaded guilty to second-degree murder in the Wayne County Circuit

Court and was sentenced to 25 to 40 years imprisonment in 1994.  In his pleadings, he raises

claims concerning the felony complaint and information, the state court's jurisdiction, and the

validity of his plea and sentence.  For the reasons stated, the Court dismisses without prejudice

the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and

denies leave to proceed *in forma pauperis* on appeal.

**II.    Analysis**

      A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first

exhaust state court remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state

prisoners must give the state courts one full fair opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process"); *Rust v.*

*Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be

*Kendrick v. Smith*
Case No. 2:13-CV-11983

"fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. His habeas petition does not indicate that he exhausted any of his issues in the Michigan courts before filing his federal habeas petition. The Court's own research reveals an appeal to the Michigan Court of Appeals, which affirmed his conviction and sentence, *People v. Kendrick*, No. 174844 (Mich. Ct. App. Dec. 5, 1995) (unpublished), but no appeal to the Michigan Supreme Court. Petitioner has thus failed to properly exhaust his claims in the state courts before proceeding on federal habeas review.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary. Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a

*Kendrick v. Smith*
Case No. 2:13-CV-11983

decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). If this Court were to review Petitioner's unexhausted issues, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he litigates those claims in federal court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

**III.    Conclusion**

For the reasons stated, the Court concludes that Petitioner has not exhausted available state court remedies as to his habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits or timeliness of the petition at this time.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court dismisses a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma*

3

*Kendrick v. Smith*
Case No. 2:13-CV-11983

*pauperis* on appeal as any appeal cannot be taken in good faith.  Fed. R. App. P. 24(a).

      **IT IS SO ORDERED**.


           S/Arthur J. Tarnow
           Arthur J. Tarnow
           United States District Judge

Dated: May 31, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 31, 2013, by electronic and/or ordinary mail.

           S/Catherine A. Pickles
           Judicial Assistant